UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANDREW J. SMITH and ALMIGHTY : 
GOD (MIND INSEPARABLE) : 
 : 
v. : C.A. No. 19-00110-WES
 : 
39 RHODE ISLAND INCORPORATIONS, : 
RHODE ISLAND SUPREME COURT, : 
CORPORATION DIRECTORS and et al.[1] : 

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant Rhode Island Supreme Court's Motion to Dismiss. (ECF No. 7). Plaintiff opposes the Motion. (ECF No. 8). For the following reasons, I recommend that Defendant's Motion to Dismiss be GRANTED and this case be DISMISSED WITH PREJUDICE.

**Discussion**

Since 2017, Plaintiff has filed ten frivolous pro se civil actions in this Court. Plaintiff is an inmate at the ACI serving a sentence on a child pornography possession conviction. See State v. Andrew Smith, P2-2015-0553A. All of his filings in this Court have related to that state criminal conviction or his bitterly-contested state divorce proceedings.

Although Plaintiff's latest Complaint in this action is far from clear, he invokes the First Amendment and the Federal Doctrine of Separation of Church and State to attack his divorce and seeks an "injunctive restraining order" that the Rhode Island Family Court Chief Justice "stay the

---

[1] This caption comes from Plaintiff's Motion to Amend and Correct Title which was granted on March 21, 2019. (ECF No. 2 at p. 1).

'heck' out of my sacramental religion, financial assets, and marital affairs." (ECF No. 1-1 at p. 5). He appears to claim that the divorce proceedings deprived him of his religious rights under Roman Catholic Cannon of Law No. 1141 regarding the indissolubility of a ratified and consummated marriage. Id. at p. 2. He argues that his marriage sacrament is "immune to government intrusion." (ECF No. 8 at p. 4).

The Rhode Island Supreme Court recently affirmed the Family Court's decision granting a divorce to his former wife and the distribution of assets. See Smith v. Smith, 207 A.3d 447 (R.I. May 16, 2019). It also affirmed the Family Court's imposition of sanctions on Plaintiff because he acted "in bad faith with the purpose and intent to harass" his former wife. Id. at p. 451. Plaintiff argued before the Rhode Island Supreme Court, as he does here, that the Family Court's grant of divorce violated his "religious right to the sacrament of marriage." Id. at p. 449. The Rhode Island Supreme Court concluded that the argument was "without merit." Id.

Additionally, this Court has also previously considered and rejected Plaintiff's claim that the divorce violated his First Amendment right of religious freedom. In Smith v. Smith, C.A. No. 1:18-cv-00092-JJM-PAS, this Court rejected Plaintiff's claims that his divorce was unconstitutional and dismissed his case as "frivolous and malicious." In particular, the Court reasoned:

> For starters, Plaintiff's allegation that he is the victim of a First Amendment violation utterly fails to state a claim because he has turned the First Amendment on its head. The Establishment Clause of the First Amendment bars both the State and the United States from imposing religious doctrine (such as Plaintiff's professed belief that marriage is for eternity) on the civil institution of marriage. See Obergefell v. Hodges, 135 S. Ct. 2584, 2607 (2015) (acknowledging that religions may 'continue to advocate with utmost, sincere conviction that, by divine precepts, same-sex marriage should not be condoned,' but holding that constitution 'does not permit the State to bar same-sex couples from marriage on the same terms as accorded to couples of the opposite sex'); Sch.

> Dist. of Abington Tp., Pa. v. Schempp, 374 U.S. 203, 234 (1963) (Brennan, J, concurring) ('what Madison, Jefferson and others fought to end, was the extension of civil government's support to religion in a manner which made the two in some degree interdependent, and thus threatened the freedom of each'). And while the Free Exercise Clause of the First Amendment certainly protects Plaintiff's right to be true to his religious beliefs, for example, by adhering to his marriage vows by sustained celibacy, never to marry again, it does not afford him the right to deploy the power of the State or the United States to force his former spouse to abide by those religious precepts. See Coleman v. Monson, C.A No. 5:10-0535-MBS-PJG, 2010 WL 4038790, at *2 (D.S.C. Mar. 30, 2010), adopted, 2010 WL 4038606 (D.S.C. Oct. 14, 2010) (federal court 'has no jurisdiction over disputes concerning ecclesiastical law, rabbinical law, canon law, or religious disputes').

This reasoning is sound, supported, persuasive and equally applicable to the claim presented by Plaintiff in this latest case. Thus, it is adopted herein. Accordingly, I recommend that Defendant's Motion to Dismiss (ECF No. 7) be GRANTED and this Complaint be dismissed with prejudice because it fails to state any legally viable constitutional claims and is frivolous and malicious. In addition, because of Plaintiff's lengthy history of frivolous and abusive filings in this Court, and pursuant to Fed. R. Civ. P. 11 and this Court's inherent power to address abuse of the judicial process, I recommend that this District Court issue an appropriate order to limit Plaintiff's ability to file complaints in this Court without completely denying his access. See Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) ("a district court has the power to enjoin a party from filing frivolous and vexatious lawsuits"). In particular, I recommend that the District Court enter the following Order to address Plaintiff's pattern of filing frivolous and abusive lawsuits:

> Plaintiff Andrew Smith is prohibited from filing any additional complaints or other papers in this Court, except for filings in currently-pending cases to object to a Report and Recommendation of a Magistrate Judge or to effect an appeal from this Court, without first obtaining the prior written approval of a District Judge of this Court. If Plaintiff Andrew Smith wishes to file any additional

complaints or other papers in this Court, he shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed, and a certification under oath that there is a good-faith basis for filing them in Federal Court. The Clerk of Court shall accept the documents, mark them received and forward them to a District Judge of this Court for action on the petition for leave to file.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 15, 2019